## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-3856 JFW (JCG) | Date | February 18, 2016 |
|---|---|---|---|
| Title | John A. McIntosh v. Los Angeles County, CA, et al. | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | | |
|---|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Defendants:

None Appearing                                      None Appearing

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE AS UNTIMELY**

On May 20, 2015, plaintiff John A. McIntosh ("Plaintiff"), who is at liberty and proceeding *pro se*, lodged a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. [Dkt. No. 1.] Because Plaintiff has been granted leave to proceed *in forma pauperis*, [*see* Dkt. Nos. 2, 4], the Court has screened the Complaint for the purpose of determining whether the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In the Complaint, Plaintiff alleges that, on May 15, 2013, Los Angeles County Sheriff's Deputies Boden and Hall "ripped [Plaintiff] out of [his] car," assaulted him, and detained him in their vehicle for "about an hour" while they searched his car. [Dkt. No. 1 at 4.] Plaintiff claims that these officers thereby violated his Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures. [*Id.*] Plaintiff purports to assert claims against Deputies Boden and Hall, Los Angeles County, the Los Angeles County Sheriff's Department, the City of Malibu, and "Unknown Los Angeles County Employees and Officers" (collectively, "Defendants"). [*Id.* at 1.] According to the Complaint, Plaintiff has "also begun a lawsuit about this in superior court in Los Angeles" ("State Court Action"). [*Id.* at 4.]

Absent waiver, the Court may consider the timeliness of a complaint *sua sponte*. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).

In actions brought pursuant to 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for personal injury actions, which, in California, is two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. This period begins to run when the plaintiff first learns of the injury giving rise to his claims. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761-62 (9th Cir. 1991). In particular, where a plaintiff alleges illegal search and seizure, "the cause of action can reasonably be deemed to have accrued when the wrongful act occurs." *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-3856 JFW (JCG) | Date | February 18, 2016 |
|---|---|---|---|
| Title | *John A. McIntosh v. Los Angeles County, CA, et al.* | | |

As a rule, federal courts also apply the forum state's laws regarding tolling, except to the extent such laws are inconsistent with federal law. *Jones*, 393 F.3d at 927. Under California law, the statute of limitations for claims that concern a police officer's conduct, and that relate to a potential plaintiff's alleged criminal offense, are tolled while criminal charges are pending. *See* Cal. Gov't Code § 945.3. Additionally, California law provides that a statute of limitations may be equitably tolled where (1) defendants had timely notice of the claim, (2) defendants are not prejudiced, *and* (3) the plaintiff's conduct was "reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999).

Here, absent tolling, the applicable statute of limitations expired on May 15, 2015, *i.e.*, two years after Plaintiff's cause of action accrued. *See Jones*, 393 F.3d at 927; Cal. Civ. Proc. Code § 335.1. Importantly, Plaintiff's Complaint was received by the clerk's office – and thus is deemed to have been filed – on May 20, 2015. [*See id.* at 1, 5]; *see also Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) ("When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk."). As such, the Complaint appears to be untimely.

Additionally, given Plaintiff's admission that he has "begun a lawsuit about this" in state court, the Court is concerned that the instant action may be barred by the doctrine of *res judicata*. [*See* Dkt. No. 1 at 4]; *see also Sutherland v. Underwood*, 516 F. App'x 654, 654 (affirming district court's *sua sponte* dismissal of § 1983 action as barred by doctrine of *res judicata*).

Nevertheless, out of an abundance of caution, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, in writing, within **fourteen days** of the date of this Order, why this action should not be dismissed with prejudice as untimely. In the event Plaintiff claims that he is entitled to tolling of the statute of limitations, Plaintiff **must explain** in detail the factual and legal basis therefor, and **must specify** the reason(s) for Plaintiff's apparent delay in commencing the instant action. Plaintiff also **must specify** all relevant dates, and is encouraged to attach any supporting documents.

Additionally, Plaintiff **must identify**:

    (1) the State Court Action's case number;

    (2) the date Plaintiff initiated the State Court Action;

    (3) the defendants named in the State Court Action;

    (4) the causes of action asserted in the State Court Action; and

    (5) the current status of the State Court Action.

**Plaintiff is expressly warned that his failure to file a timely and complete response will be deemed by the Court as consent to the dismissal of this action.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 15-3856 JFW (JCG) | Date | February 18, 2016 |
|---|---|---|---|
| Title | *John A. McIntosh v. Los Angeles County, CA, et al.* | | |

cc: Parties of Record

                                                                                                                                  00 : 00

                                                                   Initials of Clerk          kh